UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JESSE KITHCART,                        :
                                       :
          Petitioner                   :
                                       :
     v.                                : CIVIL NO. 3:CV-06-0361
                                       :
RONNIE R. HOLT,                        : (Judge Kosik)
                                       :
          Respondent                   :

**MEMORANDUM and ORDER**

  Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Jesse Kithcart ("Kithcart"), challenging his federal sentence. Kithcart is currently confined at the Federal Correctional Institution at Schuylkill, Pennsylvania. A motion to proceed in forma pauperis (Doc. 3) was filed along with the petition. Because Kithcart is currently pursuing the collateral remedy of 28 U.S.C. § 2255 at this time, his motion to proceed in forma pauperis will be granted for the sole purpose of filing the petition and the petition will be summarily dismissed.[1]

---

[1] The petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254

## I.     **Statement of Facts**

Following a plea of guilty to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), Kithcart was sentenced by the United States District Court for the Eastern District of Pennsylvania to a term of 224 months imprisonment on July 1, 1996.  According to Kithcart, he filed a direct appeal with the Third Circuit Court of Appeals, where the matter was reversed and remanded to the sentencing court.  Following proceedings in the sentencing court, Kithcart filed another direct appeal where the matter was again reversed and remanded.  A third direct appeal was subsequently filed with the Third Circuit Court following resolution of the matter by the sentencing court.  On this occasion, the Third Circuit affirmed the conviction and sentence on May 23, 2002.

Kithcart thereafter filed a "Sur Petition for Rehearing" in the Third Circuit Court of Appeals which was denied on July 8, 2002.  A petition for writ of certiorari filed with the United States Supreme Court was denied on December 2, 2002.

Sometime thereafter, Kithcart states that he filed a motion for relief pursuant to 28 U.S.C. § 2255 with the Eastern District of Pennsylvania challenging his conviction

---

(1977).  Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 (applicable to § 2241 petitions under Rule 1(b)).  See, e.g. Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

and sentence. He raised numerous grounds including challenges to (1) the guilty plea given; (2) the jurisdiction of the sentencing court; (3) the error and abuse of discretion of the sentencing court; and (4) the ineffectiveness of trial counsel. (Doc. 1, Pet. at 2-3.) Kithcart states that his § 2255 motion is presently pending before the Eastern District Court. A motion to file a second or successive § 2255 motion filed by Kithcart with the Third Circuit Court of Appeals was recently denied as premature on January 12, 2006.

The instant petition for writ of habeas corpus was filed by Kithcart on February 16, 2006, wherein he challenges his federal conviction and sentence on grounds that it exceeds the lawful maximum sentence allowable, violates his constitutional rights under the Fifth And Sixth Amendments, and was imposed by a court which lacked jurisdiction.

## II.  **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)). Claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see also Dorsainvil, 119 F.3d at 251-52. Importantly, a motion under §2255 is not

"inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition pursuant to § 2241. United States v. Brooks, 230 F.3d at 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

In the matter sub judice, Kithcart fails to demonstrate that his § 2255 remedy is inadequate or ineffective to test the legality of his detention. In his petition, he states that he currently has a motion for § 2255 relief pending before the Eastern District of Pennsylvania at this time. The fact that he is presently pursuing § 2255 relief clearly shows that § 2255 is an available mechanism by which he is able to challenge the validity of his conviction. Further, even if he is ultimately unsuccessful in obtaining § 2255 relief in his motion, he must appeal to the Third Circuit Court of Appeals. 28 U.S.C. § 2255. Further, Kithcart thereafter can seek leave from the Third Circuit to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.

Because Kithcart cannot show that his remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention, § 2241 relief is not an available remedial device under the circumstances of this case. The petition will be dismissed.

**ACCORDINGLY, this 21st day of FEBRUARY, 2006, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. 3) is **granted** for the sole purpose of filing this petition.

2. The petition for writ of habeas corpus is **dismissed, without prejudice**.

3. The Clerk of Court is directed to **close this case**.

                                                  s/Edwin M. Kosik
                                                  United States District Judge